## McDONALD v. JOHNSTON.

### No. 8244.

Circuit Court of Appeals, Ninth Circuit.
Nov. 12, 1936.

Rehearing Denied Dec. 7, 1936.

Arthur T. McDonald, in pro. per.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

PER CURIAM.

Appellant, in his application to the District Court for a writ of habeas corpus, alleged that after trial and conviction he was sentenced January 4, 1934, by the Supreme Court of the District of Columbia to serve from three to twelve years for violating section 34, title 6 of the Code of the District of Columbia 1929 (robbery), and that the maximum sentence imposed by this act is fifteen years.

Section 3 of the Act of Congress of July 15, 1932, entitled, "An Act to establish a Board of Indeterminate Sentence and Parol for the District of Columbia and to determine its functions, and for other purposes," provides that "in imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period, not exceeding the maximum fixed by law, and for a minimum period not exceeding one-fifth of the maximum period fixed by law." 72d Congress, Sess. 1, c. 492, 47 Stat. 696.

Appellant's contention is that the sentence imposed on him is illegal and void because not in conformity to the above section, which appellant contends requires a sentence for the maximum period imposed by the statute violated, which in the case at bar was fifteen years, and for a minimum of three years.

It is clear that the Act of July 15, 1932, does not require the judge to sentence a defendant for the maximum period imposed by the statute violated, for it expressly provides that the sentence shall be "for a maximum period, not exceeding the maximum fixed by law."

The sentence fixing a maximum of twelve years conformed with the Act of July 15, 1932, as did the minimum period of three years, being for a minimum period "not exceeding one-fifth of the maximum period fixed by law."

Affirmed.