Rodrigo Morales Rosario, peticionario y apelante, v. Sixto M. Saldaña, Jefe de la Penitenciaría Insular, demandado y apelado.

Núm. 8808.—*Sometido:* Diciembre 10, 1943. *Resuelto:* Febrero 9, 1944.

*Rodrigo Morales Rosario* compareció por su propio derecho; *R. A. Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El apelante, quien está cumpliendo una sentencia de quince años de presidio con trabajos forzados por un delito de escalamiento en primer grado, en grado de reincidencia, solicitó de la corte de distrito un auto de hábeas corpus, ale-

gando que la referida sentencia es nula y sin valor alguno toda vez que durante el juicio no había sido representado por abogado. Esta es una apelación contra la sentencia de la corte de distrito anulando el auto expedido.

La contención del apelante es que el abogado que le nombró la corte de distrito para defenderlo no tuvo suficiente tiempo de prepararse para el juicio. Del récord surge que el secretario de la corte de distrito notificó al acusado que el 10 de junio de 1937 la corte de distrito había nombrado al abogado Román Díaz Collazo para que defendiera al apelante; que el 15 de junio el secretario le envió otra carta notificando al acusado que el abogado César Andréu Ribas había sido nombrado por la corte de distrito como su abogado en sustitución de Díaz Collazo; y que Andréu Ribas de hecho lo defendió en el juicio que se celebró el 21 de junio de 1937.

La única base posible para la contención del acusado al efecto de que su abogado no tuvo suficiente oportunidad de prepararse para el juicio fué una manifestación de la corte inferior en relación con una cuestión preliminar de derecho levantada por el abogado del acusado. La corte de distrito hizo el siguiente comentario:

"Entiende la corte que es tardía la cuestión. No es culpa del abogado que ha sido nombrado en estos momentos. La corte deniega la moción."

Poco después, Andréu Ribas manifestó también lo siguiente:

"Para que aparezca claro, quiero hacer constar que este acusado está defendido por este abogado, que se hizo cargo del asunto momentos antes de comenzarse el juicio, por nombramiento de oficio de la corte, y en cumplimiento del deber que se le impone en estos casos."

Ninguna de estas manifestaciones está necesariamente en contradicción con el récord, que demuestra que Andréu realmente fué nombrado seis días antes del juicio. Y, de cualquier modo, el récord, como lo demuestra la carta del secre-

tario, debe prevalecer sobre estas manifestaciones incidentales e informales hechas en el curso de una discusión entre el juez y el abogado. Además, es importante indicar que en ningún momento durante el juicio afirmó el abogado del apelante que no estaba preparado para proseguir con el caso.

De igual manera, no sostiene el récord la contención del apelante de que se le obligó ir a juicio sin dársele una oportunidad razonable para citar a los testigos. El récord demuestra que el abogado del apelante hizo una vigorosa defensa del acusado, demostrando que estaba bien familiazado con los hechos del caso. Se trajeron tres testigos y declararon a favor del acusado. Y en ningún momento durante el juicio solicitó el apelante, bien que se citaran otros testigos o que se suspendiera el caso a fin de darle la oportunidad de traer otros testigos.

Estamos satisfechos con que los hechos del presente caso lo coloquen dentro de la doctrina establecida en *Avery* v. *Alabama,* 308 U. S. 444, y *López* v. *Saldaña,* 60 D.P.R. 312. De conformidad con dichos casos, resolvemos que bajo las circunstancias aquí descritas no se privó al apelante de su derecho constitucional de asistencia de abogado.

El apelante alega una cuestión adicional que también es insostenible. Afirma que la sentencia declarándolo convicto por un delito subsiguiente es nula por el fundamento de que su primera convicción era por hurto menor, un *misdemeanor.* Basa su posición en la teoría de que el artículo 56 del Código Penal es aplicable a su caso. Pero el artículo 57 expresamente dispone que "Todo reo convicto de hurto de menor cuantía . . . si cometiere cualquier delito después de dicha convicción, será castigado según se expresa a continuación: . . . Si el subsiguiente delito fuere de tal naturaleza que en primera convicción aparejaría pena de presidio temporal, dicho reo será castigado con pena de reclusión temporal en su grado máximo, convicto que fuere del delito por primera vez." Toda vez que el artículo 410 dispone que

"El delito de escalamiento en primer grado se castigará con pena de presidio de uno a quince años", la sentencia condenando al apelante a quince años de presidio fué correcta.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús se inhibió.