El Pueblo de Puerto Rico, demandante y apelado, *v.*
Manuel González, acusado y apelante.

No. 5922.—*Sometido:* Enero 29, 1936. *Resuelto:* Enero 31, 1936.

*E. Martínez Avilés,* abogado del apelante; *Luis Janer, Fiscal Auxiliar,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

El 13 de marzo de 1935 el Fiscal de Arecibo presentó ante la corte de distrito acusación contra Manuel González imputándole un delito subsiguiente de asesinato consistente en haber dado muerte con malicia premeditada a Ramón Antonio Román Medina en enero 28, 1935, después de haber sido condenado por homicidio en noviembre 15, 1928.

Juzgado González por un jurado fué declarado culpable de homicidio voluntario y la corte, haciendo constar en su sentencia que el propio acusado aceptó la alegación del fiscal de haber sido convicto de homicidio con fecha anterior, lo condenó a doce años de presidio. No conforme, apeló para ante este Tribunal. En su alegato, después de transcribir la acusación, se limita a consignar lo que sigue:

"Que el señor fiscal del distrito de Arecibo, P. R., sabiendo que la muerte de Ramón Antonio Román Medina ocurrió en una riña que sostuviera con este acusado y otras personas, calificó el delito de Asesinato en Primer Grado.

"Que el acusado cree haber actuado en defensa propia al herir al interfecto Román Medina, pero aceptado que no pudo demostrar esto ante los jurados, éstos rindieron veredicto de Homicidio Volun-

tario; demostrando lo que anteriormente dejo dicho de que el señor fiscal, con propósito de asegurar su convicción calificó el delito de Asesinato en lugar de calificarlo de lo que realmente era.

"Que además el señor fiscal del distrito al alegar mi convicción anterior por Homicidio Voluntario lo hizo haciendo constar que la misma había sido obtenida a virtud de una acusación de Asesinato en Primer Grado con el mismo propósito de influir en el ánimo del Juez y del jurado sobre mi culpabilidad.

"Que la ley fija como pena máxima en estos casos la de diez años, por lo que el acusado cree que tanto el Hon. Fiscal del Distrito y el Hon. Juez de esta Corte fueron injustos en la prosecución del caso y la imposición de la pena y respetuosamente solicita de esa Hon. Corte que la misma sea rebajada."

La transcripción sólo contiene la acusación, el veredicto, la sentencia y el escrito de apelación. No hay base, por tanto, para considerar y decidir las cuestiones que plantea el apelante en relación con la actitud del Fiscal. En cuanto a la pena, si bien es cierto que el máximo de la fijada por la ley para castigar el delito de homicidio es el de diez años de presidio, también lo es que el artículo 56 del Código Penal dispone que el reo que habiendo sido convicto de un delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción, tal reo, si el delito subsiguiente aparejare, en primera convicción, pena de presidio por un término de más de cinco años, será castigado con pena de presidio por un término mínimo de diez años. Y como aquí González había sido convicto de un delito de homicidio castigado con pena de presidio cuando perpetró el otro delito de homicidio que apareja en primera convicción pena de presidio por un término de más de cinco años, la pena que correspondía imponerle era la mínima de diez años. La corte le impuso doce y actuó así dentro de las facultades conferídales por la ley.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*