ALBERTO GONZÁLEZ TORRES demandante y apelante, *v.* JAMES M. JONES, demandado y apelado.

Número 11789.
*Sometido:* 1 de marzo de 1956. *Resuelto:* 28 de marzo de 1956.

*Alberto González Torres,* por su propio derecho; *Hon. Secretario de Justicia José Trías Monge,* y *Rafael L. Ydrach Yordán* y *Ramón C. Ruiz Sánchez, Fiscal* y *Fiscal Auxiliar, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

El apelante fué acusado y convicto del delito de Escalamiento en Primer Grado subsiguiente, y sentenciado a cumplir de quince a treinta años de presidio. Posteriormente presentó una petición de hábeas corpus atacando la sentencia y alegando que estaba encarcelado ilegalmente. El auto fué expedido. Contestó el demandado y se procedió a la vista del recurso en el Tribunal Superior, Sala de Arecibo. La petición fué finalmente declarada sin lugar, y de la resolución dictada a tal efecto apeló el peticionario, apuntando varios errores que pasamos a considerar.

■ En el primer señalamiento sostiene que la sentencia pronunciada en el proceso por escalamiento es nula porque se le condenó a un mínimo de quince años, cuando el art. 56 del Código Penal fija una pena mínima de diez. Alega en el segundo que sólo podía condenársele a diez años, ya que la Ley de Sentencias Indeterminadas es de aplicación únicamente en aquellos casos en que se provee por ley pena mínima y máxima. Ambos señalamientos están desprovisto de méritos. El art. 56, supra, dispone que "si el subsiguiente delito aparejare en primera convicción pena de presidio por un término de más de cinco años", lo que es el caso en cuanto al escalamiento en primer grado "dicho reo será castigado con pena de presidio por un término mínimo de diez años". Y el art. 1 de la Ley núm. 295, aprobada en 10 de abril de 1946 ((1) pág. 759), según enmendada por la Ley núm. 176 de mayo 4 de 1949 ((1) pág. 553), lee en parte así: "...cuando los tribunales condenaren a una persona a cumplir sentencia por delito grave, que no apareje pena de reclusión perpetua, dictarán sentencia indeterminada que no tendrá límite de duración específico, pero en ningún caso la reclusión podrá ser menor del término mínimo provisto en la ley para el delito cometido, ni mayor que el término máximo que se señala para dicho delito; *Disponiéndose, además*, que en aquellos casos en que la ley no disponga expresamente término mínimo o máximo, el Tribunal sentenciador fijará dicho término mínimo o máximo". Es evidente que se ajusta a derecho la sentencia que es objeto de impugnación. *Pueblo* v. *Rodríguez*, 69 D.P.R. 546; *Vázquez* v. *Rivera*, 70 D.P.R. 218.

■ En el tercer apuntamiento se queja el apelante de que no tuvo asistencia adecuada de abogado. Lo mismo alegó en la petición de hábeas corpus, alegación que fué negada por el demandado. El examen que hemos hecho de los autos nos deja convencidos de que no pudo probarla, y de que está plenamente-justificada por la evidencia la conclusión de la corte

a quo en el sentido de "Que en la vista de dicho caso el acusado estuvo debidamente representado por su abogado", refiriéndose el tribunal a la vista de la causa por Escalamiento en Primer Grado subsiguiente.

██ En la petición de hábeas corpus se ataca la sentencia pronunciada en el proceso por escalamiento por el fundamento de que el tribunal que la dictó, apreció la prueba erróneamente. La corte a quo llegó a la siguiente conclusión con respecto a dicha cuestión: "En su solicitud el peticionario plantea la insuficiencia de la prueba presentada en su caso, pero esto es materia impertinente e irrelevante para ser considerada en un procedimiento de Hábeas Corpus". En el cuarto señalamiento el apelante en efecto se queja de esa conclusión. A nuestro juicio la corte a quo no incurrió en el error apuntado.

*La sentencia apelada deberá ser confirmada.*

El Juez Asociado Sr. Belaval disintió.