EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR MANUEL GARCÍA GARCÍA, acusado y apelante.

*Número:* 16829.  *Resuelto:* 8 de septiembre de 1961.

*Rafael Hernández Colón,* abogado del acusado-apelante; *J. B. Fernández Badillo, Procurador General de Puerto Rico, Arturo Estrella, Procurador General Interino* y *Carlos J. Látimer, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

Sala integrada por el Juez Presidente Señor Negrón Fernández, como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Sentenciado el apelante a cumplir de diez a doce años de presidio por el delito de violación técnica en grado de subsiguiente, radicó recurso de hábeas corpus, luego de haber

cumplido más de dos años, impugnando la legalidad de la sentencia impuéstale por no ajustarse a las disposiciones de la Ley núm. 295 de 10 de abril de 1946 (34 L.P.R.A. sec. 1024, pág. 759). Este recurso fue declarado con lugar y se le sentenció nuevamente a cumplir de diez a quince años de presidio.(¹) Apela de esta sentencia y alega que es contraria a la disposición constitucional que protege a toda persona de ser castigada dos veces por el mismo delito.

Sostiene el apelante que una vez sentenciado y empezada a extinguir la pena no puede sentenciársele de nuevo. Para respaldar su aserto descansa en *Ex parte Lange*, 18 Wall. U.S. 163, 21 L.Ed. 872 (1873). Pero una vez examinemos los hechos del caso citado encontramos que son distintos a los del de autos. En *Lange* el acusado fue condenado a sufrir un año de cárcel y a pagar una multa de $200. Luego de extinguir cinco días de la pena impuesta pagó la multa. Radicó entonces un hábeas corpus y sostuvo la ilegalidad de la sentencia impuesta ya que el estatuto que autorizaba la imposición de la pena establecía multa o cárcel. Fue entonces sentenciado a sufrir un año de cárcel. Apeló y el Tribunal Supremo de los Estados Unidos al resolver finalmente el caso sostuvo la contención del peticionario por el fundamento de que habiendo extinguido una de las penas que autorizaba imponer la ley, no podía sentenciársele nuevamente. Véase *De Benque* v. *United States*, 85 F.2d 202 (D. C. Cir. 1936).

Ahora en el caso ante nos el acusado atacó la sentencia impuesta por no ajustarse a derecho. Es a iniciativa suya que se deja sin efecto. Se ha sostenido que, mediando estas circunstancias, el tribunal sentenciador está en condiciones de volver a dictar sentencia sin que en forma alguna se infrinja la disposición constitucional que impide que se sen-

---

(¹) De acuerdo con las disposiciones de los arts. 56 y 258 del Código Penal (33 L.P.R.A. secs. 131 y 964) la pena mínima para el delito de violación técnica en grado de subsiguiente es de diez años. Cf. *González* v. *Jones*, 79 D.P.R. 44 (1956).

tencie a una persona dos veces por el mismo delito. Se considera que el acusado al iniciar el recurso—apelación o hábeas corpus—que deja sin efecto la sentencia, renuncia a su derecho a que no se le sentencie dos veces por el mismo delito. *Murphy* v. *Massachusetts*, 177 U. S. 155 (1900) ; *United States* v. *Nash*, 264 F.2d 610, 613 (8th Cir. 1959) ; *Robinson* v. *United States*, 144 F.2d 392 (6th Cir. 1944) ; *Northcott* v. *Hand*, 352 P.2d 450 (Kan. 1960) ; *State* v. *Jackson*, 82 N.W.2d 234 (Minn. 1957) ; *Commonwealth* v. *Martin*, 127 A.2d 660 (Penn. 1956). Anotación 97 A.L.R. 160, 162; Wharton, 1 Criminal Law & Procedure § 142 (12th ed. 1957). De hecho ya este Tribunal ha seguido esta doctrina en los casos de *Sánchez* v. *Angeli*, 80 D.P.R. 154 (1957) y *Serrano* v. *Delgado*, 80 D.P.R. 221 (1958).

Refiriéndose a una situación de hechos similares la Corte Suprema de los Estados Unidos se expresó así en el caso de *In re Bonner, Petitioner*, 151 U. S. 242 (1894), citando de una opinión de la Corte Suprema de Pennsylvania:

"El derecho común contiene en sí mismo suficiente razón y sentido común como para rechazar la monstruosa doctrina al efecto de que un prisionero, cuya culpabilidad ha sido establecida, mediante un veredicto regular, pueda evitar totalmente un castigo, por el hecho de que el tribunal cometiera un error al dictar sentencia. De sancionar doctrina tal, dejaría este tribunal de cumplir con la principal obligación para la cual fue establecido."

Plantea el apelante una cuestión adicional. Afirma que si se sostuviera el poder del tribunal de instancia para sentenciarlo nuevamente, no podría imponerle una pena mayor que la que se le impuso cuando por primera vez fue sentenciado. De acuerdo con los hechos de este caso no tiene razón el apelante. No es el caso en que la corte *motu proprio* trata de alterar una sentencia ya impuesta. No debe olvidarse que fue el propio apelante quien consiguió que se anulara, por no cumplir con la ley, la primera sentencia. Parece

propio que citemos lo expresado por el Tribunal Supremo de los Estados Unidos en el caso de *Murphy* v. *Massachusetts*, supra:

"Repetimos que no es éste un caso en el cual la corte intentara imponer *in invitum* una segunda sentencia o una sentencia adicional por el mismo delito, o sustituir una sentencia por otra. Por el contrario, el demandante hizo uso de su derecho a que se anulara la primera sentencia de manera que pudiera dictarse otra sentencia. Y toda vez que la decisión que él solicitara y obtuviera envolvía la determinación al efecto de que él había sido sentenciado bajo el capítulo 504 de los Estatutos de 1895, cuyas disposiciones incluyen las llamadas sentencias indeterminadas, en vez de haber sido sentenciado bajo estatutos precedentes, que diferían de aquél, era claro que la segunda sentencia debe ser una nueva en cuanto a esas diferencias concierne, y pudiera resultar ser por un período mayor de presidio."

Y en el caso de *Bozza* v. *United States*, 330 U. S. 160, 167 (1947) se dice:

". . . Alega el peticionario, sin embargo, que esos casos no son de aplicación al presente porque al enmendar esta sentencia para hacerla legal aumenta su castigo. Cf. United States v. Benz, 282 U. S. 304, 309. Si este error inadvertido no pudiera corregirse en la forma en que lo hizo el tribunal sentenciador, no podría imponerse una sentencia válida y ejecutoria. Cf. Jordan v. United States, 60 F.2d 4, 6, con Barrow v. United States, 54 App. D.C. 128, 295 F.949. Este Tribunal ha rechazado la 'doctrina al efecto de que un prisionero cuya culpabilidad ha sido establecida mediante un veredicto regular, pueda evitar totalmente un castigo, por el hecho de que el tribunal cometiera un error al dictar sentencia.' In re Bonner, supra a la pág. 260. La Constitución no requiere que el dictar sentencia deba ser un juego en el cual una jugada incorrecta del juez signifique inmunidad para el prisionero. Véase King v. United States, 69 App. D. C. 10, 15, 98 F.2d 291, 296. En este caso la corte 'meramente descartó lo que no estaba autorizada a hacer y sustituyó las instrucciones que debían seguirse de acuerdo con la ley al declarar culpable al acusado.' In re Bonner, supra a la pág. 260. No colocó dos veces al peticionario en el riesgo de ser castigado por el mismo delito. La sentencia, según fue

434

enmendada, impone un castigo válido por un delito en lugar de un castigo inválido por dicho delito."

*No habiéndose cometido ninguno de los dos errores señalados, procede la confirmación de la sentencia apelada.*