EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
JUAN BAUTISTA APONTE, acusado y apelante.

*Número:* CR–62–91    *Resuelto:* 30 de octubre de 1962

*José Rafael Gelpí* y *Sergio A. Peña Clos,* abogados del apelante; *J. B. Fernández Badillo, Procurador General* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El apelante fue convicto de homicidio voluntario por el jurado, y habiéndosele imputado el grado de subsiguiente por haber cumplido una condena de uno a cinco años de presidio por el delito de abuso de confianza lo cual aceptó, el Tribunal lo condenó a una pena de diez a doce años de presidio. El único error que levanta es que la Sala sentenciadora se extralimitó al imponer tal pena por no existir en Puerto Rico el delito subsiguiente en casos de homicidio voluntario.

De tener razón el apelante no sólo no existiría el grado de subsiguiente en cuanto al delito de homicidio voluntario, sino también en cuanto a un gran número de delitos, todos aquellos que pudieran castigarse con cualquier pena mínima menor de cinco años cuyo máximo pasara este límite.

El art. 56 del Código Penal, ed. 1937, dispone en lo pertinente de la siguiente manera:

"El reo que, habiendo sido convicto de algún delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción, tal reo será castigado por el subsiguiente delito según se especifica a continuación:

1. Si el subsiguiente delito *aparejare,* en primera convicción, pena de presidio por un término de más de cinco años, dicho reo será castigado con pena de presidio por un término mínimo de diez años.

2. Si el subsiguiente delito *aparejare,* en primera convicción, pena de presidio por un término de cinco años o menos, el reo de dicho subsiguiente delito será castigado con pena de presidio por un término máximo de diez años." [Énfasis puesto.]

Arguye el apelante que toda vez que el delito de homicidio voluntario apareja una pena que puede ser menor de cinco años, (no tiene mínimo) no cae en el primer apartado que exige una pena de más de cinco años. Y como dicho delito apareja una pena mayor de cinco años, no cae tampoco en el segundo que exige una pena de cinco años o menos. Cualquier confusión que el texto en español del art. 56 hubiere podido causar en la mente del apelante queda prontamente disipada a la luz del texto inglés del artículo, tal como fue tomado en 1902 del art. 666 del Código Penal de California, antes de que se enmendara éste en el 1903:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary commits any crime after such conviction, is punishable therefor as follows:

1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the penitentiary, for any term exceeding five years, such person is punishable by imprisonment in the penitentiary not less than ten years.

2. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary not exceeding ten years."

Puede observarse que el texto original en inglés dispone que si el delito por el cual dicha persona es posteriormente convicta es uno que en primera convicción el ofensor pudiera estar sujeto a castigo con prisión por cualquier término que exceda de cinco años, dicha persona es castigable con prisión por un término no menor de diez años; y (2) si pudiera estar sujeto a castigo con prisión por cinco años o cualquier período menor, tal persona es castigable con prisión por no más de diez años. Así queda aclarado el concepto del vocablo "aparejare" usado en la versión española, y resulta obvio que en un caso de homicidio en que de acuerdo con el art. 204 del Código Penal el ofensor puede estar sujeto a castigo hasta con diez años de presidio, o sea un período "de más de cinco

años", el caso queda comprendido en el número uno del Art. 56. *Pueblo* v. *González*, 49 D.P.R. 520; *Pueblo* v. *Cancio*, 53 D.P.R. 547, 553; *People* v. *Douglass*, 87 Cal. 281 (1890), 286; *People* v. *Brooks* (1884), 65 Cal. 300; Cfr. *People* v. *McNeill*, 118 Cal. 388 (1897); *In re Reed*, 143 Cal. 634 (1904).

Proveyendo la ley en tal caso un mínimo de diez años, no fue errónea la sentencia que impuso de diez a doce años de presidio. Cfr: *Pueblo* v. *Flores*, 77 D.P.R. 660; *González* v. *Jones*, 79 D.P.R. 44.

*La sentencia condenatoria dictada por la Sala sentenciadora será confirmada.*