EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE HUMACAO, HON. LUIS PEREYÓ, JUEZ, demandado; FRANCISCO CONDE PEÑA, interventor.

*Número:* C-64-8 *Resuelto:* 10 de diciembre de 1964

540

J. B. *Fernández Badillo*, Procurador General, y *Manuel Tirado Viera*, Procurador General Auxiliar, abogados del peticionario. El interventor no compareció.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se plantea en este caso una fase del problema de si un tribunal de primera instancia puede alterar una sentencia dictada en un proceso criminal una vez que el reo ha comenzado a cumplirla.

■ De inmediato debemos distinguir entre dos situaciones diferentes: una, cuando la sentencia es válida y otra, cuando la sentencia es ilegal, nula o defectuosa. Ya hemos resuelto que los tribunales pueden corregir sentencias ilegales, nulas, erróneas o defectuosas. *González de Jesús* v. *Jefe Penitenciaría*, 90 D.P.R. 31 (1964); *Pueblo* v. *Lozano Díaz*, 88 D.P.R. 834 (1963); *Pueblo* v. *García*, 83 D.P.R. 430 (1961); *Estremera* v. *Jones*, 74 D.P.R. 202, 208 (1952). Véanse también *Bozza* v. *U.S.*, 330 U.S. 160 (1946); *In re Bonner*, 151 U.S. 242 (1894); *Reyes* v. *U.S.*, 262 F.2d 801

(1959); *Enzor* v. *U.S.*, 262 F.2d 172 (1958); *Mathes* v. *U.S.* 254 F.2d 938 (1958); *Hayes* v. *U.S.*, 249 F.2d 516 (1957), *cert. den.* 356 U.S. 914 (1957).

También las Reglas de Procedimiento Criminal de Puerto Rico (1963) así lo autorizan. La Regla 185 en su apartado (a) dispone en parte que "El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento" y en su apartado (b) expresa que "Errores de forma en las sentencias . . . podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimare necesaria dicha notificación." En el mismo sentido disponen las Reglas 35 y 36 de las Reglas Federales de Procedimiento Criminal. No podía ser de otra manera. Como dijo el Tribunal Supremo de los Estados Unidos por voz del Juez Black, "La Constitución no supone que el sentenciar sea un juego en el cual una jugada equivocada del juez conceda inmunidad al prisionero," *Bozza* v. *U.S.*, supra, pág. 166.

En el caso de autos tenemos ante nos la otra situación antes mencionada, esto es, cuando la sentencia original es válida. Veamos los hechos.

En 11 de junio de 1948 Francisco Conde Peña fue sentenciado por los delitos de asesinato en segundo grado y de atentado a la vida. Se le condenó a cumplir consecutivamente las dos sentencias que se le impusieron por esos dos delitos. Quince años después, en 20 de diciembre de 1963, un Juez Superior, a solicitud del reo, ordenó que las sentencias se cumpliesen concurrentemente. A petición del Procurador General expedimos auto de *certiorari* para revisar la validez de la mencionada orden.

En cuanto a la situación aquí planteada, el peso de las autoridades sostienen que una vez que el reo ha comenzado a cumplir una sentencia válida, ésta no puede ser modificada en forma alguna. Nótese que esta regla supone una sentencia válida. Anotación, 168 A.L.R. 706, 707. Para fundamentar esta regla se ha utilizado generalmente la ficción de que

desde el momento del arresto hasta el momento de la convicción el prisionero está bajo custodia judicial y que desde el momento de la recepción del reo por el alcaide de la penitenciaría, o por sus agentes, comienza la custodia ejecutiva y que por lo tanto desde que el reo queda bajo la custodia ejecutiva el tribunal sentenciador carece de facultad para alterar la sentencia que ya se ha comenzado a ejecutar. Para una exposición de esta doctrina puede verse *Santiago* v. *Jones*, 74 D.P.R. 617, 621 (1953). Aunque de difícil explicación en sus fundamentos racionales—pues no vemos qué diferencia práctica existe para el preso si está detenido bajo custodia judicial o bajo custodia ejecutiva, y además los policías y los guardias penales que lo custodian son agentes del ejecutivo— dicha regla tiene la virtud de ser clara y fácil de aplicar, dando así certeza al derecho sobre esta materia. La regla cumple bien un fin práctico deseable y no la vamos a alterar.

En algunas jurisdicciones en donde los tribunales de instancia operan durante determinados términos (*terms*) al año se ha sostenido que una sentencia válida puede modificarse, para ser rebajada, aunque ésta se haya comenzado a ejecutar, siempre y cuando que el tribunal haga la modificación durante el término en el cual dictó la sentencia. Anotación, 168 A.L.R. pág. 714. Para fundamentar esta otra regla se ha explicado que por la duración del término (*term*) del tribunal sus sentencias, órdenes y resoluciones están en su seno y por lo tanto están sujetas a enmienda por el tribunal. Esta regla viene desde el antiguo derecho común inglés. Una exposición de la misma la encontramos en Coke (siglo 17) en sus comentarios sobre Littleton (siglo 15).(¹) Más recientemente utiliza la misma imagen el Juez Sutherland en *U.S.* v. *Benz*,

---

(¹) ". . . yet during the terme wherein any judicial act is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll and admitteth no alteration, averment of proofe to the contrarie." *Coke on Littleton*, 260(a), en 25 Temp. L.Q. 217.

282 U.S. 304, 306 (1931). (²)

Ésta no es la situación en Puerto Rico en donde los tribunales de instancia funcionan durante todo el año. En Puerto Rico, como en las demás jurisdicciones en donde las reglas de procedimiento criminal proveen para esta situación, los tribunales se rigen por lo expresado en ellas y deben observar los plazos que las reglas disponen. 4 Barron & Holtzoff, *Federal Practice and Procedure*, sec. 2304.

La situación que aquí se plantea estaba gobernada en Puerto Rico en la época anterior a nuestras Reglas de Procedimiento Criminal, por lo resuelto en *Pueblo* v. *Tribunal Superior*, 78 D.P.R. 143 (1955). En dicho caso el peticionario fue sentenciado por delito de asesinato en segundo grado y tres años más tarde obtuvo una rebaja en la penalidad impuéstale. A solicitud del Procurador expedimos auto de *certiorari* y resolvimos que el tribunal recurrido carecía de facultad para reconsiderar su sentencia original ya que se había comenzado la ejecución de la misma (pág. 144). Véase además *Pueblo* v. *Carbone*, 59 D.P.R. 610, 619 (1941).

En las jurisdicciones federal y estatales se han resuelto casos posteriores parecidos el antes citado caso de *Pueblo* v. *Tribunal*, y los mismos han sido resueltos en igual forma que *Pueblo* v. *Tribunal*, supra. Véase *Affronti* v. *U.S.*, 350 U.S. 79 (1955); (³) *Lipscomb* v. *U.S.*, 273 F.2d 860 (1960); *Egan* v. *U.S.*, 268 F.2d 820 (1959); *Righi* v. *People*, 359 P.2d 656 (1961); *People* v. *Rittger*, 362 P.2d 38 (1961) y *People* v. *Mason*, 329 P.2d 614 (1958).

La Regla 185 de las Reglas de Procedimiento Criminal de Puerto Rico dispone en parte que el tribunal "podrá, por

---

(²) El enfoque más realista que sobre todo este asunto hemos visto se encuentra en una reseña titulada *"The Judicial Finality of a Criminal Sentence"* publicada en 44 Harv. L. Rev. 967 y ss.

(³) Aunque en este caso está envuelta una ley de probatoria el tribunal llega a la misma conclusión a que llegamos en el citado caso de *Pueblo* v. *Tribunal Superior* del Tomo 78 a base de que al no decir la ley nada en contrario el Tribunal de Distrito carecía de facultad para enmendar la sentencia una vez que la misma comenzó a ejecutarse.

causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari." En el caso de autos la petición y la modificación de la sentencia se hizo a los quince años de haber sido ésta dictada.

■ Como puede verse, resulta claro que ni bajo el derecho anterior a las Reglas ni bajo éstas puede considerarse válida la orden aquí impugnada, dictada en 20 de diciembre de 1963 por el Tribunal Superior. Permitir que los tribunales de instancia reabran casos a los quince años de cerrados sería impartirle a la administración del derecho penal una incertidumbre intolerable. Si el caso de autos tiene méritos, puede solicitarse la clemencia ejecutiva.

*Se revocará la orden del Tribunal Superior dictada en este caso en 20 de diciembre de 1963.*