Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>EDWIN MELÉNDEZ MONSERRATE<br>Peticionario | TA2025CE00680 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm.<br>J LA2017G0106<br><br>Sobre:<br>Art. 5.15 Ley de Armas<br><br>(Regla 185 Corrección de Sentencia) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparece el Sr. Edwin Meléndez Monserrate (señor Meléndez Monserrate o peticionario), que se encuentra en confinamiento, a través de recurso de *certiorari,* solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 28 de agosto de 2025. Mediante dicho dictamen, el foro recurrido denegó una petición del señor Meléndez Monserrate al amparo de la Regla 185 de Procedimiento Criminal, *infra*, para que *corrigiera* la pena que se le impuso por infracción al Art. 5.15 de la Ley de Armas, en la Sentencia dictada en su contra el 15 de agosto de 2018.

En lo esencial, el peticionario plantea que debe corregirse la referida Sentencia, por causa de que la acusación que dio lugar a su convicción por el delito de la Ley de Armas aludido no incluyó una exposición suficientemente detallada para que una persona de inteligencia común la pudiera entender. Es decir, a través del vehículo procesal postsentencia

provisto en la Regla 185 de Procedimiento Criminal, *infra,* el peticionario pretende esgrimir un asunto de derecho, la suficiencia de la acusación, que debió levantar oportunamente previo al juicio o a través de recurso de apelación.

No hubo error en el curso decisorio del TPI que justifique nuestra intervención, procede denegar expedir el recurso solicitado.

## I. Resumen del tracto procesal

El 20 de septiembre de 2016, el Ministerio Público presentó varias denuncias contra el señor Meléndez Monserrate, aduciendo que este: (1) penetró en la morada de su esposa, la señora Angélica Colón González, de la cual estaba separado; la agarró por el cuello y utilizó un arma de fuego para agredirle en la cabeza, en violación del Artículo 3.2(a) de la Ley 54;[1] y (2) portó un arma de fuego, marca "*Glock*" sin licencia a esos efectos, en violación del Artículo 5.04 de la Ley de Armas.[2] Por estos hechos se determinó causa probable, y se presentaron dos acusaciones el 10 de mayo de 2017, con los alfanuméricos JLE2017G0136 y JLA2017G102.

Pasados varios meses, el 3 de enero de 2017 en específico, el Ministerio Público  presentó otras tres denuncias contra el peticionario, imputándole que, el 30 de diciembre de 2016: (1) portaba un arma de fuego sin licencia a esos efectos, en violación del Art. 5.04 de la Ley de Armas;[3] **(2) apuntó y disparó un arma de fuego en un lugar público, en violación del Art. 5.15 de la Ley de Armas**;[4] y (3) realizó actos inequívocos dirigidos a ocasionar la muerte del señor Ramón Vázquez Rodríguez y de la señora Madeline González Sotomayor, disparando un arma de fuego en varias ocasiones que impactó el vehículo conducido por el señor Vázquez —en el cual la señora González iba de pasajera— sin que se consumara el delito pretendido por circunstancias ajenas a la voluntad del apelante, ello en violación del Art. 93(a) del Código

---

[1] Art. 3.2(a) de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 632.
[2] Art. 5.04 de la Ley de Armas de Puerto Rico, Núm. 404 de 11 de septiembre de 2000, según enmendada, 25 LPRA ante. sec. 458c.
[3] 25 LPRA ant. sec. 458c.
[4] 25 LPRA ant. sec. 458n.

Penal de Puerto Rico, en su modalidad de tentativa.[5] Eventualmente, se presentaron tres acusaciones, el 10 de mayo de 2017, bajo los casos criminales número: JLA2017G0105, **JLA2017G0160**, JVI2017G0014 y JVI2017G0015, respectivamente.

Del expediente ante nuestra consideración **no** surge que, presentadas las denuncias y posteriormente las acusaciones por los delitos aludidos, (entre los que se encontraba la infracción al Art. 5.15 de la Ley de Armas), el señor Meléndez Monserrate hubiese presentado alguna moción de desestimación ante el TPI solicitando dicho remedio al entender que la denuncia o el pliego acusatorio violaran su derecho a una debida notificación de los cargos presentados en su contra.

Luego de que tales casos fueran consolidados, y presentados los pliegos acusatorios, se celebró juicio por tribunal de derecho, emitiéndose fallo condenatorio contra el peticionario el 12 de marzo de 2018, por todos los cargos, excepto uno, el de infracción al Art. 3.3 de la Ley 54 (maltrato mediante amenaza). Más adelante, el 15 de agosto de 2018, el TPI dictó la sentencia correspondiente, bajo los siguientes términos: 1) por los hechos ocurridos el 7 de septiembre de 2016 sentenció: (a) por infracción al Artículo 5.04 de la Ley de Armas, pena de cárcel de 20 años con agravante, más 20 años por el agravamiento de la pena, Artículo 7.03 para un total de 40 años; (b) infracción Artículo 3.2 de la Ley 54, pena de cárcel con agravante de 3 años, 9 meses y un día; 2) por los hechos del 30 de diciembre de 2016: (c) por infracción al Artículo 5.04 de la Ley de Armas, pena de cárcel de 20 años con agravante, más 20 años por el agravamiento de la pena, Artículo 7.03 para un total de 40 años; **(d) en el Artículo 5.15 de la Ley de Armas, pena con agravantes de 40 años de cárcel, más el 7.03 agravamiento de la pena son 40 años adicionales para un total de 80 años**; (d) por dos infracciones al Artículo 93, en tentativa, pena de cárcel de 25 años en cada uno con agravante. Dispuso, además, que las penas por infracción a la Ley

---

[5] 33 LPRA secs. 5049 & 5142.

de Armas serían cumplidas de forma consecutivas entre sí, para 160 años, y las penas por tentativa de asesinato y ley de violencia doméstica serían cumplidas de forma concurrente entre sí, para 25 años; por lo que la totalidad de la sentencia fue de 185 años de cárcel.

Inconforme con la determinación del TPI, el 14 de septiembre de 2018, el peticionario presentó recurso de apelación[6] ante este Tribunal de Apelaciones, a través de su representante legal, que fue atendido por un Panel hermano. Adujo que la prueba de cargo no había probado el caso más allá de duda razonable, y que fue admitida cierta prueba en detrimento de su derecho a un juicio justo.

Sobre dicho recurso de apelación cabe resaltar que el aquí peticionario expresamente incluyó planteamientos sobre la convicción por el Art. 5.15 de la Ley de Armas, *supra*, aduciendo que no se habían probados los elementos de dicho delito. Contrario a ello, el Panel hermano que atendió el asunto concluyó que el Ministerio Público sí había probado los elementos de dicho delito más allá de duda razonable, a través de los testimonios de los esposos Vázquez-González.[7] Es de ver que, a pesar de que el apelante elaboró sobre por qué cabía revocar su convicción por el Art. 5.15 de Ley de Armas, **no esgrimió en ese momento señalamiento alguno sobre la presunta insuficiencia de la denuncia y posterior acusación por la que fue imputado y hallado culpable respectivamente, bajo dicha ley especial, menos aún porqué había esperado hasta después de celebrado el juicio en su fondo para levantar tal defensa.**

En cualquier caso, mediante *Sentencia* del 2 de agosto de 2021, el Panel hermano confirmó el fallo condenatorio en todos los cargos, según establecidos por el TPI, aunque modificando la condena para que la pena agravada por violación al Artículo 5.04 de Ley de Armas (caso criminal número JLA2017G0105) fuera de 20 años de cárcel consecutivos, más, la pena agravada por infracción al Artículo 5.15 de Ley de Armas (caso criminal

---

[6] KLAN201801021.
[7] *Id.*, pág. 26.

núm. JLA2017G0106) fuera de 40 años de cárcel consecutivos, para un total de 60 años consecutivos con el resto de la sentencia.[8]

Aún insatisfecho, el señor Meléndez Monserrate acudió al Tribunal Supremo, mediante recurso de *certiorari,* el 2 de septiembre de 2021. Ante dicho alto foro el peticionario esgrimió que el Ministerio Público no había presentado prueba sobre uno de los elementos del delito de portación ilegal de un arma de fuego, el de transportarla sin el debido permiso. Al evaluar el recurso presentado, mediante Opinión de 19 de julio de 2024, el Tribunal Supremo revocó parcialmente la determinación del Foro hermano[9], *Pueblo v. Meléndez Monserrate*, 214 DPR 547 (2024).

Como se nota, **durante el proceso previo a la celebración del juicio, ni durante el juicio, como tampoco a través del recurso de apelación que instó ante este Tribunal de Apelaciones, o en su posterior recurso de *certiorari* ante el Tribunal Supremo, el aquí peticionario alzó argumento alguno sobre una presunta falta de notificación adecuada de infracción al Art. 5.15 de la Ley de Armas,** *supra*, **menos aún solicitó la desestimación de los cargos por tal presunto defecto del pliego acusatorio**.

No obstante lo descrito, fue el 18 de agosto de 2025 que por primera vez el señor Meléndez Monserrate presentó ante el TPI un *Escrito Solicitando Corrección de Sentencia al Amparo de la Regla 185 de Procedimiento Criminal,* por presunto defecto en el pliego acusatorio. Es en dicha moción que el peticionario argumentó que la imposición de cuarenta (40) años de cárcel por disparar desde un vehículo de motor, en adición a los cuarenta (40) años imputados por disparar en un lugar público, resulta contrario a derecho **pues tal delito no se desprendía de la acusación**. En específico, este argumentó ante el foro recurrido que la Sentencia emitida en su contra por infracción al

---

[8] *Id.*, pág. 29.

[9] El Tribunal Supremo determinó que, para que el Estado alcance la culpabilidad de un acusado por posesión o portación ilegal más allá de duda razonable, el Ministerio Público no puede descansar únicamente en la presunción de ausencia de licencia, sino que está compelido a presentar prueba, directa o circunstancial, tanto de la portación del arma como de la falta de licencia para portarla, según disponía el Art. 5.04 de la Ley de Armas de 2000, *supra.*

Artículo 5.15 de la Ley de Armas, *supra,* violaba su derecho a la adecuada notificación de los cargos en su contra, por lo que solicitaba que se dejara sin efecto.

Examinada dicha moción, el tribunal *a quo* la declaró *No Ha Lugar,* mediante *Orden* de 26 de agosto de 2025. Es de este dictamen postsentencia del que el peticionario recurre ante nosotros señalando la comisión del siguiente error:

> **PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia de Ponce, al declarar Sin Lugar la Solicitud de Corrección de Sentencia al amparo de la Regla 185 del Procedimiento Criminal, aun **cuando la denuncia y la acusación adolecieron de defectos sustanciales** en violación al derecho del acusado a la adecuada notificación de los cargos en su contra y al debido proceso de ley, garantizados por el Artículo 11 Secciones 7 y 11 de la Constitución de Puerto Rico y la Enmienda Sexta de la Constitución de los EE.UU. (Énfasis provisto).

Requerido para ello, el Procurador General de Puerto Rico compareció ante nosotros mediante *Escrito en cumplimiento de orden.*

## II. Exposición de Derecho

### A. Corrección de Sentencia

La Regla 185 de Procedimiento Criminal, citada por el peticionario como fuente de derecho para corregir la Sentencia impuesta, establece lo siguiente:

> (a) *Sentencia ilegal; redacción de la sentencia.* El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo, podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.*
>
> (b) *Errores de forma.* Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.
>
> (c) *Modificación de sentencia.* El tribunal podrá modificar una sentencia de reclusión en aquellos casos que cumplan con los requisitos de la sec. 4732 del Título 33 y de la Ley del Mandato Constitucional de Rehabilitación. [...]. 34 LPRA Ap. II, R. 185.

Los tribunales pueden corregir sentencias ilegales, nulas o defectuosas. *Pueblo v. Tribunal Superior,* 91 DPR 539, 540 (1964). La Regla 185, *supra,*

contempla tres situaciones en las que procede la corrección o modificación de la sentencia. Primero, una sentencia ilegal podrá corregirse por el Tribunal a petición de parte o *sua sponte* en cualquier momento. *Pueblo v. Casanova Cruz*, 117 DPR 784, 786 (1986). Segundo, el tribunal podrá rebajar una sentencia dentro de los noventa (90) días cuando exista causa justificada y sea en bien de la justicia. El término varía si el caso estuvo en apelación. *Pueblo v. Martínez Lugo*, 150 DPR 238, 245 (2000); *Pueblo v. Valdés Sánchez*, 140 DPR 490, 494 (1996). Tercero, los errores de forma en una sentencia podrán corregirse en cualquier momento y luego de notificar a las partes de estimarse necesario. Regla 185(b) de Procedimiento Criminal, *supra*.

En virtud de la Regla 185 de Procedimiento Criminal, *supra*, se pueden corregir sentencias erróneas en cualquier momento. *Pueblo v. García*, 165 DPR 339 (2005). Sin embargo, transcurrido en exceso de noventa (90) días de haber dictado una sentencia, el Tribunal no tiene facultad para rebajar una sentencia. *Pueblo v. Tribunal Superior*, 94 DPR 220, 223 (1967).

La Regla 185 es el mecanismo adecuado para corregir y/o modificar la pena impuesta a una persona cuando: *los términos de la sentencia rebasan los límites fijados por el estatuto penal y/o se ha impuesto un castigo distinto al establecido en la ley. Pueblo v. Martínez Lugo*, supra*, pág. 245. (Énfasis provisto). Ahora bien, es importante destacar que **la Regla 185**, *supra,* **no es un mecanismo para variar o dejar sin efecto los fallos**. *Pueblo v. Valdés Sánchez*, supra, pág. 494. (Énfasis provisto). Cabe señalar que una sentencia dictada en un procedimiento criminal cuyo término está dentro del mínimo y máximo dispuesto por ley es válida. *Pueblo v. Camacho Pérez*, 102 DPR 129, 131 (1974).

En definitiva, la moción al amparo de la Regla 185 de Procedimiento Criminal, *supra*, puede presentarse en dos situaciones, a saber: cuando la sentencia es inválida y cuando la sentencia es ilegal, nula o defectuosa. *Id.* Respecto a una sentencia ilegal, nuestra jurisprudencia interpretativa ha señalado que es la ***que se dicta sin jurisdicción o***

***autoridad, en abierta contravención al derecho vigente****. Id.* Véase, además*, Pueblo v. Lozano Díaz,* 88 DPR 834, 838 (1963) y E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1993, Vol. III, pág. 562. Por consiguiente, una sentencia dictada así es nula e inexistente, ya que los estatutos de penalidad son jurisdiccionales. *Pueblo v. Silva Colón*, 184 DPR 759 (2012)*.*

## III. Aplicación del Derecho a los hechos

Según ya hemos resaltado en el tracto procesal, el peticionario arguye que debemos ordenar la corrección de la Sentencia emitida en su contra el 15 de agosto de 2018, por cuanto el pliego acusatorio que el Ministerio Público presentó por el Art. 5.15 de la Ley de Armas, *supra*, fue defectuoso, en tanto no incluyó una exposición suficientemente detallada para que una persona de inteligencia común lo pudiera entender. Es decir, en esta etapa postsentencia el señor Meléndez Monserrate levanta un presunto defecto en dicha acusación. Son varias las razones por las cuales procede denegar el recurso de *certiorari* ante nuestra consideración, veamos.

La Regla 38(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 38(a), dispone que cuando se aduzca un defecto de forma en la denuncia o acusación, el tribunal podrá ordenar su corrección en cualquier momento, **salvo cuando se hubiese rendido el veredicto o fallo del tribunal, en cuyo caso se entenderá subsanado**. (Énfasis provisto). La Regla 38(b) del mismo cuerpo procesal, 34 LPRA Ap. II, R. 38(b), dispone que si lo que se plantea es un defecto sustancial en la acusación, igualmente, el tribunal podrá permitir que se subsane **antes de la convicción o absolución del acusado**, teniendo este derecho a la celebración nuevamente del acto de lectura de acusación. (Énfasis provisto). Cónsono con esto, la Regla 65 de Procedimiento Criminal, 34 LPRA Ap. II, R. 65, dispone en lo pertinente, que las mociones planteando defensas u objeciones a la acusación o denuncia deberán presentarse al TPI **dentro de diez (10) días siguientes al acto de lectura de acusación, e incluye términos de veinte días antes del juicio para otros fines relacionados**.

Es decir, las alegaciones sobre defectos en la acusación corresponden ser levantadas antes del juicio, en atención a los términos precisados en las Reglas de Procedimiento Criminal, según abordamos en el párrafo que precede. Esto se explica en parte, porque el proceso criminal le permite al Ministerio Público que, ante una alegación oportuna sobre defecto en la denuncia o la acusación, pueda enmendarlas para continuar los procesos. Huelga decir que, en el caso ante nuestra atención, no se alzó argumento alguno ante el TPI antes del juicio relativo a defecto en la acusación, contrario a lo que la Regla 65 citada precisa.

Por otra parte, no pasa desapercibido, tal cual lo adelantamos, que el peticionario tampoco alzó el presunto defecto en la acusación en el recurso de apelación que presentó ante este Tribunal de Apelaciones, el 14 de septiembre de 2018, (KLAN201801021), ni en el recurso de *certiorari* que instó posteriormente en el Tribunal Supremo y resultó en la Opinión emitida en *Pueblo v. Meléndez Monserrate*, supra. No se nos justificó razón o motivo alguno por los cuales, pudiendo haber planteado tal asunto en dicho momento procesal, no lo hiciera. En definitiva, el asunto de derecho que ahora nos plantea el peticionario esgrimiendo la Regla 185 de Procedimiento Criminal, *supra*, era perfectamente susceptible de atención oportuna cuando instó los referidos recursos ante el Tribunal de Apelaciones y el Tribunal Supremo, pero optó por no hacerlo, y así renunció a ello.

Finalmente, la Regla 185 de Procedimiento Criminal, *supra*, bajo la cual se ampara el recurso de *certiorari* no es el vehículo procesal adecuado para obtener el remedio solicitado. El señor Meléndez Monserrate no le permitió considerar al TPI su planteamiento sobre presunto defecto en la acusación antes del juicio, y permitió que transcurrieran los términos para presentar los recursos ordinarios de revisión contemplados en nuestro ordenamiento (reconsideración o apelación) sin tampoco hacerlo.

Además, tampoco acontecen los supuestos que permiten considerar una moción bajo la Regla 185 de Procedimiento Criminal, *supra*. Es decir, no estamos propiamente ante un señalamiento sobre presunta falta de

jurisdicción por el foro primario que emitió la Sentencia cuya revocación se aspira, tampoco podemos apreciar que ilegalidad, nulidad o defecto en dicho dictamen, ni que fueran rebasados los límites del estatuto penal, o se impusiera un castigo distinto al establecido. La sentencia de la cual se solicita la corrección es válida, en ella se encontró culpable el señor Meléndez por tres cargos de violación a la Ley de Armas, además de dos cargos de violación al Código Penal. Además, la pena fijada por el TPI para tales delitos está dentro de los términos estatuidos en dichas leyes. La determinación del foro primario al denegar la solicitud de corrección de sentencia no es contraria a derecho y está dentro de su discreción. Tampoco surge indicio de prejuicio, parcialidad o error craso y manifiesto por parte del foro primario que nos mueva a expedir el recurso.

**IV. Parte dispositiva**

Por los fundamentos expuestos, *denegamos* la expedición del recurso de *certiorari* presentado por el señor Meléndez Monserrate.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones