ISRAEL HUERTAS RAMOS, peticionario, *v.* JAMES M. JONES, JEFE DE LA PENITENCIARÍA y el SECRETARIO DEL TRIBUNAL DE DISTRITO DE PUERTO RICO, SALA DE RÍO PIEDRAS, demandados.

Número 467.

*Sometido:* 30 de julio de 1953. *Resuelto:* 19 de agosto de 1953.

*Israel Huertas Ramos, pro se* (no compareció) ; *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de los demandados.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Es este un procedimiento de *mandamus* para que la apelación del peticionario al Tribunal Superior, Sala de San Juan, de dos sentencias dictadas en su contra, siga tramitándose de acuerdo con la ley.

Encontrándose el peticionario recluído en la Penitenciaría Insular se le llevó a la Corte Municipal de Río Piedras, hoy Tribunal de Distrito, Sala de Río Piedras, en donde fué sentenciado en 31 de enero de 1950 a la pena de un año de cárcel por portación de armas y a una pena igual por el delito de acometimiento y agresión grave. (¹)  En esa misma fecha y recluído de nuevo en la citada institución, el peticionario preparó y envió a la Oficina de Records de la misma, un escrito apelando de las mencionadas sentencias para que fuera remitido por dicha oficina al secretario del tribunal sentenciador para ser radicado.

Aunque en su contestación a la petición de *mandamus* el Jefe de la Penitenciaría niega que la tardanza en darle curso al referido escrito se debiera a la negligencia de la Oficina de Records de dicha institución, admite, sin embargo, la alegación del peticionario al efecto de que no · obstante haber preparado y enviado el escrito a la citada oficina en la misma fecha en que fuera sentenciado, o sea, en 31 de enero de 1950, aquél fué remitido a la corte sentenciadora después de haber transcurrido 15 días, diciéndonos además en dicha contestación: "Que del referido escrito aparece que el mismo fué tramitado por el Alcaide de la Penitenciaría Insular el día 16 de febrero de 1950 . . . . ."

A nuestro juicio resulta evidente que el peticionario hizo oportunamente cuanto le correspondía hacer para que el escrito de apelación llegara al secretario del tribunal sentenciador antes de que expirara el término para apelar, y que si no lo logró, esto se debió a que los funcionarios del establecimiento penal en el que estaba recluído lo remitieron

---

(¹) Ignoramos por qué causa estaba recluído el peticionario en la Penitenciaría Insular.

tardíamente. En vista de ello no es justo que el peticionario sufra las consecuencias, y procede que le concedamos el remedio que solicita de manera que la apelación siga su curso. Cuando una persona recluída en una institución penal es sentenciada, y oportunamente y con la debida diligencia prepara el escrito apelando de la sentencia y lo entrega a los funcionarios de la institución con tiempo para ser enviado y recibido por el secretario de la corte sentenciadora antes de vencer el término para apelar, y dichos funcionarios dejan de darle curso, la entrega a ellos del escrito de apelación, equivale a una radicación del mismo dentro del término concedido por ley para iniciar el recurso. *People* v. *Slobodion*, 30 Cal.2d 362; *Dowd* v. *Cook*, 340 U.S. 206. La razón de la doctrina establecida en esos y otros casos la hacen aplicable al de autos sin que le demos importancia al hecho de que en algunos de ellos los reglamentos de la institución penal impidieron que se le diera curso a los documentos concernientes a la apelación.

Habiendo llegado a la anterior conclusión, debe considerarse que la apelación del peticionario estaba pendiente cuando se aprobó la Ley núm. 11 de 24 de julio de 1952 ((2) pág. 31) titulada "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico", y dicha apelación se verá ante el Tribunal Superior, Sala de San Juan, en juicio de *novo* a tenor con la ley que estaba en vigor cuando el peticionario envió el escrito de apelación a los funcionarios de la Penitenciaría.(²)

En virtud de lo expuesto, *se dictará sentencia ordenando al Jefe de la Penitenciaría Estadual de Puerto Rico a devolver al Secretario del Tribunal de Distrito, Sala de Río*

---

(²) La sección 32 de la Ley de la Judicatura, dice en parte, lo siguiente:
"A todo caso pendiente en la anterior Corte de Paz y en la anterior Corte Municipal, ya visto, y todo caso pendiente en apelación de las referidas cortes ante el anterior Tribunal de Distrito, le será concedida una apelación ante el Tribunal Superior con juicio de *novo* a tenor con la ley anterior."

*Piedras,(³) el escrito de apelación del peticionario y a dicho Secretario a aceptarlo y darle curso en consonancia con los términos de esta opinión.*

El Juez Asociado Sr. Marrero no intervino.

---

(³) Por resolución de 18 de mayo de 1953 incluímos como parte demandada al que ocupa en la actualidad el puesto de Secretario del Tribunal de Distrito, Sala de Río Piedras.