EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR FLORES FLORES, acusado y apelante.

Número 15672.
*Sometido:* 8 de noviembre de 1954.  *Resuelto:* 22 de diciembre de 1954.

*Santos P. Amadeo* y *Antonio J. Amadeo,* abogados del apelante; *Hon. Secretario de Justicia, José Trías Monge,* y *Rafael L. Ydrach Yordán, Fiscal Interino, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

El aquí apelante fué sentenciado por la Sala de San Juan del Tribunal Superior a cumplir una pena indeterminada de veinte años a reclusión perpetua en presidio por un delito de hurto mayor subsiguiente. En el alegato sometido en apoyo de su recurso([1]) sostiene que dicha sentencia es nula

---

([1]) El Fiscal de este Tribunal, en su informe, solicita la desestimación de este recurso por falta de jurisdicción, por no haber sido notificado el Fiscal del tribunal sentenciador con copia del escrito de apelación. Hemos entrado a considerar el recurso en sus méritos, pues aun cuando la omisión de tal requisito de notificación al Fiscal—art. 350 del Código de Enjuiciamiento Criminal—produce la desestimación del recurso interpuesto, en el caso de autos el convicto apeló, por su propio derecho, desde la cárcel de distrito de San Juan, habiendo visado su escrito, según aparece del legajo de sentencia, un funcionario de dicha institución. Estando el apelante bajo la custodia del Estado, la omisión de notificación al Fiscal fué consentida por aquél, ya que la intervención de un funcionario del penal en que se le tenía detenido, imponía a éste la obligación en el ejercicio de su función

por carecer el tribunal de poder para dictarla. Su contención es al efecto de que la Ley núm. 295 de 10 de abril de 1946 ((1) pág. 759), según enmendada por la Ley 176 de 4 de mayo de 1949((1) pág. 553), que establece la sentencia indeterminada en nuestros tribunales, al disponer que "cuando los tribunales condenaren a una persona a cumplir sentencia por delito grave, que no apareje pena de reclusión perpetua, dictarán una sentencia indeterminada . . .",([2]) está excluyendo de su esfera de acción no sólo el delito de asesinato en primer grado para el cual la pena de reclusión perpetua es mandatoria, sino también aquellos delitos en los que dicha pena, sin ser mandatoria, puede ser fijada por el tribunal en el ejercicio de su discreción.

En el caso de autos se trata de un delito de hurto mayor, el cual, cuando no media convicción anterior de presidio, se castiga con pena de presidio por un término mínimo de un año y máximo de diez—art. 430 del Código Penal—pero que, cuando media dicha convicción anterior, se castiga, en virtud del art. 56, inciso 1 del propio Código, por su carácter de subsiguiente, con "pena de presidio por un término mínimo de diez años". En este último caso podía el tribunal, antes de la vigencia de la ley estableciendo la sentencia indeterminada, imponer a la persona así convicta, en el ejercicio de su sana discreción, la pena fija de reclusión perpetua en presidio. ¿Sigue así el estado de nuestro derecho después de la aprobación de la citada ley?

supervisora, de enviar, o de requerir para su envío, al Fiscal, copia del escrito de apelación. *Cf. Huertas* v. *Jones,* 75 D.P.R. 382.

([2]) El art. 1 de dicha Ley dispone lo siguiente:

"Por la presente se establece la sentencia indeterminada en Puerto Rico; *Disponiéndose,* que, cuando los tribunales condenaren a una persona a cumplir sentencia por delito grave, que no apareje pena de reclusión perpetua, dictarán una sentencia indeterminada que no tendrá límite de duración específico, pero en ningún caso la reclusión podrá ser menor del término mínimo provisto en la ley para el delito cometido, ni mayor que el término máximo que se señala para dicho delito; *Disponiéndose, además,* que en aquellos casos en que la ley no disponga expresamente término mínimo o máximo, el tribunal sentenciador fijará dicho término mínimo o máximo."

El estudio de la legislación de referencia nos convence de que la misma excluye de su esfera de acción tan sólo el delito para el cual la pena fija de reclusión perpetua es mandatoria, no aquél para el cual dicha pena es discrecional del tribunal sentenciador. Cuando en el Código Penal el legislador fijó a un delito la pena de reclusión perpetua como pena única—asesinato en primer grado—excluyó toda discreción judicial en la imposición de la pena para ese delito. No así cuando fijó tan sólo, para otros, el mínimo de la pena, sin fijar máximo. En éstos dejó a la discreción judicial la determinación de la pena que en cada caso específico debería fijarse. De otro lado, cuando fijó pena mínima y pena máxima para otros delitos, restringió el ejercicio de la discreción judicial a los límites así establecidos.

En casos como el de autos, el tribunal sentenciador, antes de la vigencia de la Ley de Sentencias Indeterminadas, si bien podía imponer una sentencia fija de diez años—mínimo—también podía imponer una de mayor duración, incluyendo la de reclusión perpetua. Como aquí no está envuelta cuestión alguna relacionada con cambio en las normas de la pena a imponerse a través de una sentencia indeterminada, que pudieran afectar adversamente a un acusado que cometiera el delito antes de la aprobación de dicha ley—véase *Pueblo* v. *Emanuelli,* 74 D.P.R. 541—la teoría de que una sentencia indeterminada es una por el término máximo de la pena impuesta, *Pueblo* v. *Emanuelli,* supra, pág. 554; *People ex rel Neville* v. *Ragen,* 72 N.E.2d 175; *Ex parte Lee,* 171 Pac. 958, no entra en juego en este caso, ya que al no fijar el Código el máximo de la pena para el hurto mayor, como delito subsiguiente, no restringió la facultad del tribunal para imponerla, bien antes de establecerse la sentencia indeterminada como después de establecida. La propia ley que la estableció, a fin de hacer viable su objetivo y poder instrumentar sus disposiciones, proveyó la forma en que, en casos como el presente, se supliría la falta de especificación de máximo en el Código, disponiendo que el tribunal lo fijaría. Así, como aquí no está envuelta lesión alguna de

derechos nacidos con anterioridad a su vigencia, aun cuando se considere que el tribunal, al fijar el máximo en reclusión perpetua, impuso al apelante una sentencia por el término máximo de la pena impuesta—teoría que prevalece para todas las sentencias indeterminadas—ello no conlleva las consecuencias jurídicas que le atribuye el apelante, pues se trata únicamente de la actuación discrecional de un tribunal, autorizada por el propio estatuto, y necesaria para dar efectividad a sus propias disposiciones.

El caso de *Lee Lim* v. *Davis*, 284 Pac. 323, citado por el apelante, no es aplicable. Allí el estatuto prohibía la imposición de sentencias indeterminadas en casos de asesinato, y en tal virtud, aun cuando el de primer grado se castigaba con pena de 10 años a reclusión perpetua, tenía que imponerse una pena fija por estar excluído ese delito expresamente de la esfera de acción de la ley. En nuestro caso, la ley excluye el delito que "apareje pena de reclusión perpetua". Como hemos expresado anteriormente, el delito excluído es aquél para el cual dicha pena es mandatoria. En esa forma el propósito de la ley no se derrota, sino que se logra mejor, de acuerdo con su objetivo, que aparece así consignado en su Exposición de Motivos, adicionada a la misma por la Ley núm. 176, supra:

"Para que la pena sirva su función eminentemente social de proteger a la sociedad contra el peligro del delincuente, resulta absolutamente indispensable que las Cortes dicten sentencias que permitan a las autoridades penales dos cosas: (1) poder descubrir en cada caso en qué consiste el peligro del delincuente y (2) poder disponer del tiempo suficiente para eliminar dicho peligro mediante un tratamiento constructivo. Para ello tiene que haber una relación directa entre la duración de la sentencia que se imponga y el problema del delincuente.

"Para facilitar este propósito se establece en Puerto Rico la sentencia indeterminada, que al permitir que se impongan sentencias con un margen de fluctuación razonable entre el mínimo más bajo posible y el máximo más alto que se pueda imponer, permitirán distinguir entre los distintos delincuentes durante la etapa de su reclusión en el penal y, en su consecuencia, éstos podrán ir recobrando su libertad según vayan evidenciando una reacción

favorable al proceso de su rehabilitación. En esta forma evitamos, en interés de un mejor servicio a la comunidad, que el delincuente que se ha reformado sea retenido en el penal por más tiempo del necesario e igualmente, pero a la inversa, se evitará que un delincuente salga del penal siendo aún un peligro para la comunidad.

"La Sociedad debe disponer del tiempo necesario para controlar la conducta del delincuente mientras éste necesita de ese control para corregirse. Esto sólo puede lograrse con una sentencia que permita aplicar las soluciones convenientes a los distintos casos que surjan. Para ello se establece la sentencia indeterminada."

*La sentencia será confirmada.*