EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARCADIO TÚA CINTRÓN, acusado y apelante.

*Número:* CR-63-49      *Resuelto:* 18 de noviembre de 1963

*Benjamín Ortiz,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

En *Pueblo* v. *Túa,* 84 D.P.R. 39, (1961), devolvimos una convicción de asesinato en primer grado contra el apelante

para la celebración de un nuevo juicio. El nuevo procedimiento se celebró en 2 de octubre de 1962. Renunciado el jurado y sometido el asunto a tribunal de derecho, Túa fue convicto de asesinato en segundo grado y sentenciado a cumplir una pena de 20 a 30 años de presidio. Por estipulación, el caso quedó sometido por la evidencia que desfiló en el juicio anterior, según el récord de dicho juicio le fue sometido a la Sala sentenciadora. En apelación el convicto sostiene que hubo infracción de sus derechos constitucionales por cuanto no tuvo la oportunidad de contrainterrogar, y por cuanto la Sala sentenciadora no pudo ejercer su función de credibilidad de unos u otros testigos.

La Sala sentenciadora fue muy cuidadosa en hacer constar para el récord que le advirtió el acusado las consecuencias legales de su renuncia a juicio por jurado así como en cuanto a someter el caso por el récord del juicio anterior, advirtiéndole expresamente del derecho que tenía a contrainterrogar, y se cercioró de que el acusado en persona entendía esas consecuencias y hacía una renuncia inteligente de esos derechos. En las circunstancias que demuestra el récord, el error señalado es improcedente. *Pueblo* v. *Vargas*, 74 D.P.R. 144 (1952). Cf. *Pueblo* v. *Cruz Jiménez*, 87 D.P.R. 133 (1963).

Se confirma la sentencia dictada por la Sala de Mayagüez del Tribunal Superior el 9 de octubre de 1962 imponiéndole al apelante una pena de reclusión de 20 a 30 años de presidio.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente.

El Juez Asociado Sr. Santana Becerra sostiene, por los fundamentos que expresa en opinión separada en la cual concurren los Jueces Asociados Señores Belaval y Hernández Matos, que el mínimo de la sentencia dictada debería modificarse rebajándolo a 15 años.

El Juez Asociado Sr. Blanco Lugo emitió opinión separada en la cual concurre el Juez Asociado Sr. Dávila.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ

*Juez Presidente*

Certifico:

(Fdo.) IGNACIO RIVERA
*Secretario*

—O—

Opinión separada del Juez Asociado Señor Santana Becerra en la cual concurren los Jueces Asociados Señores Belaval y Hernández Matos.

Este caso presenta la siguiente situación que si bien no ha sido planteada por el apelante, no estaríamos impedidos de entrar en la consideración de ella por tratarse de una norma de enjuiciamiento. De acuerdo con la Ley Núm. 117 de 26 de junio de 1961 que enmendó la Ley Núm. 295 de 10 de abril de 1946, en los casos de personas sentenciadas a reclusión perpetua la Junta de Libertad Bajo Palabra adquirirá jurisdicción cuando el individuo haya cumplido 12 años naturales de prisión. Constituye por lo tanto una política pública legislativa en la administración de la justicia criminal el considerar a un convicto de asesinato en primer grado condenado a reclusión perpetua, como obligatoriamente tiene que estarlo, elegible a los beneficios de la libertad bajo palabra cuando ha cumplido 12 años naturales de su prisión perpetua. El asesinato en segundo grado está castigado con pena de 10 años de presidio como mínimo a 30 años como máximo. En este caso al apelante se le impuso una pena de 20 a 30 años, la cual es legal ya que hemos sostenido que la Sala sentenciadora no viene obligada a imponer necesariamente el mínimo y el máximo de ley, siempre y cuando la sentencia indeterminada se mantenga

dentro de esos límites y no haya tal cercanía entre el mínimo y el máximo impuesto que de hecho se convierta la sentencia en una fija.

De acuerdo con lo dispuesto en la Ley de 14 de marzo de 1907 según enmendada por la Núm. 180 de 15 de mayo de 1943, a un convicto se le rebajarán 13 días por cada mes natural cuando la sentencia es de 30 años o más. El apelante en este caso tiene derecho a la rebaja de 13 días por cuanto su sentencia es de 30 años. De acuerdo con dicha rebaja el mínimo de 20 años impuesto obligaría al apelante a cumplir más o menos 11 años y medio naturales antes de poder acogerse a los beneficios de la libertad bajo palabra. En igualdad de condiciones y de comportamiento, prácticamente tendría que cumplir el mismo período que la Asamblea Legislativa ha dispuesto deberá cumplir un convicto de asesinato en primer grado condenado a reclusión perpetua.

Bajo el principio fundamental penitenciario de que el castigo debe ser conmensurable a la culpa y que a menor culpa menor castigo, y de acuerdo con la política pública contenida en la referida Ley Núm. 117 de 1961, y que a mi juicio establece una norma que merece gran consideración por parte de los jueces, soy de opinión que el mínimo de 20 años impuesto en este caso debería rebajarse a 15 años de modo que el apelante no sea castigado prácticamente igual a si hubiera sido convicto de asesinato en primer grado. Es cierto que la sentencia de un convicto de primer grado sigue siendo, en su máximo, reclusión perpetua, pero no es el máximo, sino el mínimo impuesto a un convicto, lo que le abre las puertas de su reclusión, según su comportamiento.

Aun desde el punto de vista de una sentencia indeterminada, problema que no está aquí ahora envuelto, una sentencia de 20 a 30 años sólo deja un margen de separación de menos de 6 años, comparado con el margen de cerca de 12 años que provee al Código.

—O—

Voto separado del Juez Asociado Señor Blanco Lugo, en el cual concurre el Juez Asociado Señor Dávila.

Siendo la función del término mínimo en la sentencia indeterminada fijar el momento en que un reo es eligible para que su caso sea considerado a los fines de que se le conceda la libertad bajo palabra, coincido con el criterio expresado al efecto de que la Ley Núm. 117 de 26 de junio de 1961 señala una política legislativa en la administración de la Justicia penal para que los tribunales impongan mínimos que, una vez acreditada la bonificación por buena conducta provista por la Ley de 14 de marzo de 1907, no equivalgan al confinamiento por un término mayor de 12 años naturales.

Sin embargo, como la pena mínima aquí impuesta—20 años—se traducirá en que el reo tendrá que cumplir un plazo que no excede de 12 años naturales, no creo que debamos alterar la determinación del tribunal a quo al respecto, en ausencia de otras circunstancias. Tampoco creo que pueda afirmarse que es de rigurosa aplicación el principio de que el castigo debe ser conmensurable a la culpa, pues como cuestión real, lo determinante en esta esfera es el término máximo de prisión impuesto, y ciertamente existe una notable diferencia entre la reclusión perpetua que debe imponerse mandatoriamente al convicto de asesinato en primer grado, y la de 30 años que aqui se impuso al apelante Túa, convicto de asesinato en segundo grado.