MIGUEL OLIVERAS SEPÚLVEDA, peticionario, *v.* GERARDO DELGADO, ETC., demandado.

*Número:* HC-64-35      *Resuelto:* 29 de diciembre de 1964

---

Miguel Oliveras Sepúlveda, *pro se. Víctor Tirado Saltares*, y *Edna Abruña Rodríguez*, abogados del peticionario; *J. B. Fernández Badillo, Procurador General*, y *Peter Ortiz, Procurador General Auxiliar*, abogados del demandado.

Sala integrada por el Juez Asociado Señor Blanco Lugo como Presidente Accidental de Sala y los Jueces Asociados Señores Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 21 de julio de 1958 el Tribunal Superior, Sala de Ponce, dictó seis sentencias condenando al peticionario Miguel Oliveras Sepúlveda a penas indeterminadas de uno a dos años de presidio en cada caso. Dispuso que los términos mínimos se cumplirían concurrentemente, y los máximos en forma consecutiva. Estas sentencias fueron el resultado de su convicción en seis causas criminales por el delito de falsificación. Fue ingresado en la Penitenciaría Estatal el día 20 de agosto del mismo año. Había permanecido en sumaria por espacio de 2 meses 4 días, por términos de 1 mes 14 días, uno, y 18 días, otro, en que estuvo recluido en distintas instituciones penales.

Desde el día 1 de octubre de 1962 hasta el 23 de septiembre de 1964 el peticionario disfrutó de los beneficios de libertad bajo palabra que le concedió la Junta de Libertad Bajo Palabra. En esta última fecha la Junta expidió una orden de detención contra el peticionario que fue diligenciada el día 28 siguiente en la ciudad de Nueva York. El día 30 de septiembre reingresó al penal en donde se encuentra bajo la custodia del demandado.

En 16 de octubre, por derecho propio, Oliveras radicó un escrito ante este Tribunal que intituló "moción para que se corrija liquidación de sentencias," que consideramos como una solicitud de hábeas corpus ya que en esencia alega que se encuentra privado ilegalmente de su libertad por haber dado cumplimiento en su totalidad a las sentencias que le fueron impuestas. Fúndase en que siendo concurrentes los términos mínimos—un año, que ya indudablemente extinguió—sólo le faltaba cumplir el año adicional de cada una de las sentencias, o sea seis años más. En otras palabras, que por la forma en que se determinó el cumplimiento de las sentencias éstas se reducen en total a siete años de prisión. Expedimos el auto.(¹)

1—Repetidamente hemos resuelto que una sentencia indeterminada es una por el máximo de la pena impuesta. Opinión concurrente en *Pueblo* v. *Túa,* 89 D.P.R. 424 (1963); *Emanuelli* v. *Tribl. de Distrito,* 74 D.P.R. 541, 554 (1953), ratificado en *Pueblo* v. *Flores,* 77 D.P.R. 660, 662 (1954).(²) Siendo ello así, el peticionario debe extin-

(¹) Al expedir el auto designamos a los abogados de la Sociedad de Asistencia Legal para que representaran al reo. En el acto de la vista celebrada inquirimos de éstos si deseaban enmendar las alegaciones, manifestándose que ello no era necesario. Tanto el peticionario como sus abogados informaron que habían tenido suficiente tiempo para conferenciar y que no eran necesarias ulteriores entrevistas.

(²) Es por eso que a los fines de la computación de la bonificación por buena conducta se considera el máximo para determinar la fecha en que la sentencia queda extinguida.

En cuanto se refiere a sentencias suspendidas, el Art. 3 de la Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1028, dispone que el

guir en forma consecutiva seis sentencias por el término de dos años cada una. El término mínimo no tiene otra función que la de fijar el momento en que el reo es elegible para que su caso sea considerado a los fines de que se le conceda la libertad bajo palabra, Art. 2 de la Ley Núm. 295 de 10 de abril de 1946, 34 L.P.R.A. sec. 1025. El único efecto práctico de los mínimos concurrentes que dispuso en 1958 el tribunal de instancia fue acelerar, en beneficio del reo, la fecha en que la Junta de Libertad Bajo Palabra podía considerar su caso. Es como dijimos en *Gutiérrez Castro* v. *Delgado*, 86 D.P.R. 327 (1962), una "fórmula . . . creada por los jueces producto de un sentido de clemencia en su deseo de beneficiar al sentenciado." Y añadimos, "No cabe la menor duda que una sentencia así dictada es más beneficiosa para el reo que si se hubiese dictado a ser cumplida consecutivamente tanto en su mínimo como en su máximo, y por otra parte, nada hubiera obligado al juez a dictarla concurrentemente tanto en su máximo como en su mínimo." De no haberse dispuesto que los mínimos se cumplirían concurrentemente, Oliveras hubiese tenido que extinguir todos los términos mínimos—en total 6 años—antes de ser elegible para tal beneficio. ([3])

■ En su escrito separado radicado por los abogados del peticionario se aduce que, en todo caso, a los fines del cómputo de la bonificación por buena conducta, debe sostenerse que se trata de una sentencia de 12 años, por lo cual corres-

---

período de libertad a prueba será igual a la duración del período máximo señalado en la sentencia. Según dijimos en *Lebrón Pérez* v. *Alcaide, Cárcel de Distrito*, 91 D.P.R. 567 (1964), toda esta legislación forma parte de un nuevo enfoque iniciado en 1946 para la rehabilitación de los delincuentes adultos.

([3]) Actualmente no se da esta situación, pues la Ley Núm. 117 de 26 de junio de 1961, enmendó el Art. 2 de la Ley de Libertad bajo Palabra a los efectos de que en casos de personas sentenciadas a más de una sentencia indeterminada, sean éstas para cumplirse concurrentemente o consecutivamente, dicho organismo adquirirá jurisdicción cuando el reo haya cumplido un período de prisión igual al mínimo más largo.

ponde abonarle 10 días por mes, en lugar de 6 días por mes como lo ha hecho el demandado al considerar que se trata de seis sentencias independientes por dos años cada una, Sec. 1 de la Ley de 14 de marzo de 1907, 4 L.P.R.A. sec. 633. Por los mismos fundamentos ya expuestos al disponer de la alegación principal del recurso, este planteamiento no puede progresar, pero presumiendo que le asistiera la razón, no podríamos decretar su excarcelación, pues según sus propias alegaciones tendría que cumplir 8 años naturales, los cuales aún no ha extinguido.

■ 2—No es necesario resolver en el presente recurso si procedía el abono de bonificación por buena conducta durante el término que el peticionario estuvo en libertad bajo palabra, pues la revocación de la misma claramente indica que éste incidió en una violación de las condiciones que le fueron impuestas. Véase, la Sec. 1 en relación con la Sec. 3 de la Ley de 14 de marzo de 1907, 4 L.P.R.A. secs. 633 y 635.

*Se anulará el auto expedido y se declarará sin lugar la petición de hábeas corpus.*

