Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDOS<br><br>V.<br><br>RAMÓN L. FERNÁNDEZ MALAVÉ<br><br>PETICIONARIOS | TA2025CE00544 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Criminal Núm.: K VI 1994G0024 al 25<br><br>Sobre: Art. 83 Código Penal, Art. 5 Ley de Armas Art. 6-A Ley de Armas Art. 8-A Ley de Armas |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

Comparece ante nos, Ramón L. Fernández Malavé (en adelante, "Fernández Malavé" o "peticionario"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 11 de abril de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la referida determinación, el foro recurrido declaró *No Ha Lugar* la *Moción bajo la regla 192.1 solicitando nuevo juicio sobre inconstitucionalidad del jurado veredicto de unanimidad solicitud de anulación de juicio*. En su consecuencia, sostuvo la sentencia en contra de Fernández Malavé.

Por los fundamentos que exponemos a continuación, se desestima el recurso de epígrafe, a tenor de la Regla 83(c) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 115, 215 DPR ___ (2025).

**I.**

Surge del expediente ante nuestra consideración que, el 22 de junio de 1994, Fernández Malavé fue hallado culpable de varios delitos, tras un juicio por jurado. A raíz de dicha convicción, fue sentenciado a cumplir, de

manera consecutiva, varias penas. Entre ellas, noventa y nueve (99) años de prisión, por el delito de asesinato.

Según la *Resolución* recurrida[1], luego de varias décadas, el 8 de junio de 2020, Fernández Malavé presentó una *Moción bajo la regla 192.1 solicitando nuevo juicio sobre inconstitucionalidad del jurado veredicto de unanimidad solicitud de anulación de juicio*. En síntesis, y de acuerdo con la *Resolución*, Fernández Malavé alegó que, conforme a lo resuelto en el caso de *Ramos v. Louisiana*, 590 US 1390 (2020), tiene derecho a un nuevo juicio. Esto, ya que el veredicto emitido en su contra en el caso K VI94G0024 fue uno hecho por mayoría del jurado, y no por unanimidad, conforme a la norma establecida en *Ramos v. Louisiana*, *Íd*. Asimismo, sostuvo que la nueva norma aplica retroactivamente a su caso y afirmó que, por esa razón, corresponde celebrar un nuevo juicio.

Por su parte, el 25 de febrero de 2021, el Ministerio Público presentó su *Oposición a moción bajo la regla 192.1 solicitando nuevo juicio sobre inconstitucionalidad del jurado veredicto de unanimidad solicitud de anulación de juicio.* Planteó, según emana del expediente, que lo resuelto en *Ramos v. Louisiana*, *supra*, solo aplica retroactivamente en casos en que: 1) las sentencias no hayan advenido finales y firmes; y 2) estén pendientes de apelación. Sostuvo que Fernández Malavé no cumple con ninguna de las excepciones, por lo que no le aplica de forma retroactiva la norma establecida en *Ramos v. Louisiana*, *supra.*

Luego de varios tramites procesales, el 11 de abril de 2023, el foro primario emitió la *Resolución* que nos ocupa. Mediante el referido dictamen, declaró *No Ha Lugar* la moción promovida por Fernández Malavé. En particular, expresó que la aludida norma establecida en *Ramos v. Louisiana, supra,* solo aplicará a los convictos de delito grave por un jurado no unánime, cuyos casos no hayan advenido finales y firmes, por estar pendientes de apelación. Sostuvo que la sentencia que recayó en contra de Fernández

---

[1] Apéndice 2 de la Entrada Núm. 1 del Sistema Uniforme de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

Malavé advino final y firme debido a que, cuando se publicó *Ramos v. Louisiana, supra,* no estaba pendiente de apelación ante el Tribunal de Apelaciones o el Tribunal de Supremo. Concluyó que, por tal razón, no procede la solicitud de nuevo juicio.

En desacuerdo, Fernández Malavé presentó una *Moción de Reconsideración*. En respuesta, el foro primario, según el expediente, determinó notificar nuevamente la *Resolución* del 11 de abril de 2023, correspondiente al caso de autos. La referida determinación se archivó en autos el 12 de agosto de 2025.

Inconforme, el 16 de septiembre de 2025, la parte peticionaria acudió ante nos mediante una *Moción de Apelación de Primer[a] Instancia, en cuanto a la Moción bajo la Regla 192.1, en solicitud de un juicio, sobre inconstitucional del jurado veredicto, de unanimidad, solicitud de anulación de juicio.*[2] En apretada síntesis, planteó que no fue notificado sobre la *Resolución* emitida el 11 de abril de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, y solicitó que se declare *Ha Lugar* la referida moción de nuevo juicio.

Mediante *Resolución* emitida el 6 de octubre de 2025, notificada el día siguiente, le ordenamos a la parte recurrida que presentara su alegato en oposición. En cumplimiento de ello, el 6 de noviembre de 2025, la Oficina del Procurador General presentó el aludido alegato.

En síntesis, alegó que el escrito presentado por el peticionario incumplió con los requisitos de forma y contenido, exigidos por el Reglamento del Tribunal de Apelaciones, *supra*. Adujo que el peticionario no colocó a este Tribunal en posición de determinar si tiene jurisdicción para atender y revisar la determinación que intenta recurrir, ya que, según alega, del escrito no se desprende un señalamiento de error claro, ni cuál es su petitorio. Además, sostuvo que el peticionario no tiene razón en cuanto a la aplicación retroactiva de *Ramos v. Louisiana, supra*, por no cumplir con los criterios exigidos en dicho caso.

---

[2] Entrada Núm. 1 del SUMAC TA.

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco doctrinal a la controversia que hoy nos ocupa.

**II.**

**-A-**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari,* este auto sigue siendo un recurso discrecional, y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

La Jurisdicción es el poder o autoridad que poseen los tribunales para decidir casos o controversias. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). No hay discreción para asumir jurisdicción cuando no existe. *Id.* En lo pertinente, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. Véase, *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019) y *Lugo v. Suárez,* 165 DPR 729, 737 (2005). El incumplimiento de dichas disposiciones reglamentarias puede impedir la revisión del foro apelativo. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). Además, el Tribunal de Apelaciones tiene facultad para desestimar un recurso apelativo o denegar un auto discrecional al amparo de la Regla 83(c) del Reglamento del Tribunal de Apelaciones, *supra,* R. 83(c). Esto, cuando, entre otras causas, el tribunal carece de jurisdicción o un recurso se presenta fuera del término de cumplimiento estricto dispuesto para ello.

El Reglamento del Tribunal de Apelaciones incluye disposiciones que regulan la presentación de los recursos y su contenido. En lo concerniente, la Regla 32(c) de este Tribunal establece que el auto de *certiorari* es el recurso idóneo para revisar cualquier resolución […] revisable por esta vía […] Regla 32(c) del Reglamento del Tribunal de Apelaciones, *supra*, R. 32(c). El referido recurso se debe presentar en el término de cumplimiento estricto de treinta (30) días siguientes a la fecha del archivo en autos de la copia de la notificación de la resolución recurrida. *Íd.*

En cuanto a la presentación de este tipo de recurso, la Regla 31 del Reglamento del Tribunal de Apelaciones preceptúa que la presentación de un recurso de *certiorari* se formalizará cuando se cumpla con los términos y la forma provista en la Ley de la Judicatura del Estado Libre Asociado de

Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 2 et seq, y el Reglamento del Tribunal de Apelaciones, *supra*, R. 31.

**-C-**

La Regla 192.1 de Procedimiento Criminal autoriza a cualquier persona que se encuentre detenida por sentencia condenatoria a presentar una moción en la sede del Tribunal de Primera Instancia que la dictó para que anule, deje sin efecto o corrija la sentencia, alegando su derecho a ser puesto en libertad, por cualquiera de los fundamentos siguientes: (1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (3) la sentencia impuesta excede de la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. 34 LPRA Ap. II, R. 192.1 (a).

La referida regla explica detalladamente lo que deberá incluirse en la moción y cómo el TPI habrá de evaluarla, al disponer, en lo aquí pertinente, que:

(a)     […]

La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.

(b)     Notificación y vista. A menos que la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno, el tribunal dispondrá que se notifique con copia de la moción, si se trata de una sentencia dictada por el Tribunal de Primera Instancia, al fiscal de la sala correspondiente, y si se trata de una sentencia dictada por el Tribunal de Distrito, al fiscal de la sala del Tribunal de Primera Instancia a la cual puedan apelarse las sentencias de dicho Tribunal de Distrito. El tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio, fijará y admitirá fianza en los casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hecho y conclusiones de derecho con respecto a la misma.

> Si el tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por la ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.

> El tribunal podrá considerar y resolver dicha moción sin la presencia del solicitante en la vista, a menos que se plantee alguna cuestión de hecho que requiera su presencia. […].  34 LPRA Ap. II, R.192.1.

Según se desprende de la precitada regla, el mecanismo procesal al amparo de la Regla 192.1, *supra,* se puede presentar en cualquier momento, para atacar colateralmente la validez o constitucionalidad de una sentencia criminal, cuando el convicto está cumpliendo prisión por ésta. *Pueblo v. Román Mártir*, 169 DPR 809, 824 (2007).

Los fundamentos para solicitar la revisión de una sentencia bajo este mecanismo se limitan a planteamientos de derecho, por lo que no puede ser utilizado para revisar señalamientos sobre cuestiones de hechos que hubieren sido adjudicadas por el tribunal. *Íd*. Además, la culpabilidad o inocencia del convicto no es un asunto susceptible de plantearse bajo este procedimiento, sino la cuestión de si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Íd*. En este sentido, el recurso al amparo de la Regla 192.1, *supra*, sólo está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. *Pueblo v. Pérez Adorno*, 178 DPR 946, 966–67 (2010). Se trata de un mecanismo para cuestionar la legalidad de la sentencia, no su corrección, a la luz de los hechos. *Íd.; Pueblo v. Marcano Parrilla*, 152 DPR 557 (2000).

Según vimos, la Regla 192.1 dispone que, una vez se presente una solicitud fundamentada, el tribunal señalará una vista para adjudicar la misma. 34 LPRA Ap. II, R.192.1(b). Si de la moción y del expediente del caso no surge concluyentemente que la persona no tiene derecho al remedio que confiere la regla, el tribunal no tiene discreción, y viene obligado a celebrar

la vista. *Pueblo v. Rivera Montalvo*, supra, pág. 375. Solo podrá denegar la solicitud sin celebrar la vista cuando la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno. *Íd*.

**-D-**

El Tribunal Supremo de Puerto Rico ha expresado que, la restricción de la libertad penal conlleva una falta de control de los reclusos sobre el manejo de su correspondencia. *Álamo Romero v. Adm. De Corrección*, 175 DPR 314, 322 (2009). En reconocimiento de dicha circunstancia, la Regla 195 de Procedimiento Criminal dispone, en cuanto al procedimiento para formalizar la apelación de reclusos que,

> Cuando el apelante se encontrare recluido en una institución penal y apelare por propio derecho, la apelación se formalizará entregando el escrito de apelación, dentro del término para apelar, a la autoridad que le tiene bajo custodia. Dicha autoridad vendrá obligada a presentar inmediatamente el escrito de apelación en la secretaría del tribunal que dictó la sentencia y copia del mismo en el tribunal de apelación. Al recibir el escrito de apelación, el secretario del tribunal sentenciador lo notificará al fiscal. 34 LPRA Ap. II, R. 195.

La precitada norma tiene como fin evitar que un "recluso que oportunamente hizo cuanto le correspondía hacer para que su escrito fuera presentado en el tribunal antes de que expirara el término para apelar, pierda este derecho a apelar por la única razón de que la institución penal, bajo cuya autoridad se encuentra, remitió el documento tardíamente." *Álamo Romero v. Adm. De Corrección*, *supra*, citando a *Huertas v. Jones*, 75 D.P.R. 382, 384 (1953).

Cónsono con lo anterior, la Regla 30.1 del Reglamento del Tribunal de Apelaciones, *supra*, dispone, por su parte, en cuanto a las apelaciones de confinados e indigentes que,

> (A) Cuando la parte apelante se encontrara recluida en una institución penal o institución de otra naturaleza bajo custodia del Sistema Correccional y apelare por derecho propio la apelación se formalizará con la entrega del escrito de apelación dentro del término para apelar a la autoridad que lo tiene bajo custodia. Dicha autoridad vendrá obligada a presentar inmediatamente el escrito de apelación en la Secretaría del tribunal que dictó la sentencia y copia de este en el tribunal sentenciador o en el Tribunal de Apelaciones, en cuyo caso remitirá esta copia al tribunal apelado. Al recibo del escrito de apelación, el Secretario o la Secretaria del tribunal sentenciador o del Tribunal de Apelaciones lo notificará al Fiscal de Distrito o a la

Fiscal de Distrito y al Procurador General o a la Procuradora General.

(B) Si el confinado o confinada entregara el escrito de apelación a los funcionarios o funcionarias de la institución con tiempo para ser recibido en el tribunal apelado o en el Tribunal de Apelaciones antes de vencer el término para apelar, y dichos funcionarios o funcionarias dejan de darle curso, tal entrega equivale a una presentación del escrito de apelación dentro del término para iniciar el recurso y a la notificación al Fiscal o a la Fiscal y al Procurador General o a la Procuradora General. Regla 30.1 del Reglamento del Tribunal de Apelaciones, *supra*, R. 30.1.

En suma, se entiende que el recurso fue presentado por el recluso en la fecha en que se entregó a la institución carcelaria. *Álamo Romero v. Adm. De Corrección*, *supra,* pág. 323.

Esbozada la norma jurídica aplicable, procedemos a resolver.

**III.**

En el caso ante nuestra consideración, el foro recurrido notificó el 12 de agosto de 2025 una orden que adjudicó la moción de reconsideración presentada por el peticionario. A partir de esa fecha, el peticionario contaba con el término reglamentario de treinta (30) días para recurrir a este Tribunal, de conformidad con la Regla 32(c) del Reglamento del Tribunal de Apelaciones, *supra*. En vista de lo anterior, el peticionario tenía hasta el 11 de septiembre de 2025 para comparecer vía *certiorari* ante esta curia.

Sin embargo, en este caso, el peticionario presentó su escrito el 16 de septiembre de 2025, según se desprende del sobre que presentó a la institución, puesto que es la fecha plasmada a manuscrito. Al tomar esta como la fecha de presentación del recurso, es forzoso concluir que fue presentado tardíamente, ya que pasaron más de treinta (30) días desde el archivo en autos de la orden que adjudicó la moción de reconsideración. Este hecho nos priva de jurisdicción, por lo que procede la desestimación del recurso, por tardío.[3]

---

[3] Independientemente la desestimación del recurso ante nos, cabe destacar que, aún si este Tribunal tuviese jurisdicción para expedir el recurso, es inaplicable la norma establecida en *Ramos v. Louisiana*, *supra*, al caso de epígrafe, ya que el Tribunal Supremo de los Estados Unidos concluyó que tal norma aplicará a convictos de delito grave por un jurado no unánime, cuyos casos no han advenido finales y firmes, por estar pendientes de apelación. De igual forma, en *Pueblo v. Rosario Paredes*, 209 DPR 155, 165, el Tribunal Supremo de Puerto Rico expresó que el "Foro federal hizo extensiva la aplicación retroactiva de todas las normas constitucionales de carácter penal a casos que al momento de emitirse la nueva norma **no hubieran advenido finales**." (Énfasis Nuestro). Ese no es el caso ante nos. En este caso, el peticionario fue convicto en el año 1994, convicción advino final y firme antes de entrar en vigor los mencionados casos y que, por lo tanto, no tiene derecho a nuevo juicio bajo la precitada norma.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones